IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANDREW COX,<br>*Movant*<br><br>vs.<br><br>UNITED STATES OF AMERICA<br>*Respondent.* | Civil Action No.   2:12-CV-00242<br><br>Criminal Case No. 2:05-CR-00002 |

**RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION FOR AN ORDER FINDING WAIVER OF ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGES, AUTHORIZING DISCLOSURE OF RULE 1.6 INFORMATION, AND COMPELLING DISCLOSURES AND EARLY PRODUCTION OF RECORDS**

COMES NOW the Movant, Mr. ANDREW COX, by and through undersigned counsel, and hereby files this Response in Opposition to the Government's Motion for an Order Finding Waiver of Attorney-Client and Work Product Privileges, Authorizing Disclosure of Rule 1.6 Information, and Compelling Disclosures and Early Production of Records, and further shows this Court as follows:

1.

The Movant has previously filed a lengthy petition for habeas relief and two grounds have been authorized for hearing.

2.

The Court has scheduled a hearing on whether or not the Movant received ineffective assistance of counsel in determining whether or not the Movant should testify in his own defense at trial and whether or not the Movant was properly informed as to the terms of plea offers during negotiations.  Specifically, Movant alleges he was coerced into not testifying and that but for counsel's erroneous advice he would have entered a guilty plea.

3.

The Government posits in its motion [Doc 177], therefore, that they are entitled to possess and view the Movant's entire file regarding this case.  Currently, Movant's file is in the possession of trial counsel, Barry Lombardo.

4.

Additionally, the Government asks that this Court compel Mr. Lombardo to submit to an interview with the Government.

5.

Mr. Cox objects to both of these requests.  The Government's requests are unsupported by law, contrary to public policy and violative of his rights under the U.S. Constitution and the corresponding provisions of the Georgia Constitution.

6.

The file in Mr. Lombardo's possession is the property of Mr. Cox and is not subject to disclosure to the Government.  *See* Georgia Rule of Professional Conduct 1.16.

7.

Rule 1.16 states in pertinent part,

"Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned."

8.

Therefore, although the trial file in this matter is currently in the possession of trial counsel, it belongs to Mr. Cox and should be surrendered to him so as to protect his interests.

9.

The Government relies largely upon Rule 1.6 to demonstrate that a waiver of the privileges has occurred.  Rule 1.6 states,

"(a)   A lawyer shall maintain in confidence all information gained in the professional relationship with a client, including information which the client has requested to be held inviolate or the disclosure of which would be embarrassing or would likely be detrimental to the client, unless the client gives informed consent, except for disclosures that are impliedly authorized in order to carry out the representation, or are required by these Rules or other law, or by order of the Court.

(b)    1.    A lawyer may reveal information covered by paragraph (a) which the lawyer reasonably believes necessary:

> i.    to avoid or prevent harm or substantial financial loss to another as a result of client criminal conduct or third party criminal conduct clearly in violation of the law;
>
> ii.    to prevent serious injury or death not otherwise covered by subparagraph (i) above;
>
> iii.    to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client;
>
> iv.    to secure legal advice about the lawyer's compliance with these Rules.

2.    In a situation described in paragraph (b)(1), if the client has acted at the time the lawyer learns of the threat of harm or loss to a victim, use or disclosure is permissible only if the harm or loss has not yet occurred.

3.    Before using or disclosing information pursuant to paragraph (b)(1), if feasible, the lawyer must make a good faith effort to persuade the client either not to act or, if the client has already acted, to warn the victim.

(c)    The lawyer may, where the law does not otherwise require, reveal information to which the duty of confidentiality does not apply under paragraph (b) without being subjected to disciplinary proceedings.

(d)    The lawyer shall reveal information under paragraph (b) as the applicable law requires.

(e)    The duty of confidentiality shall continue after the client-lawyer relationship has terminated.

The maximum penalty for a violation of this Rule is disbarment."

10.

While there are certain instances when a lawyer may reveal privileged communications and client confidences, the decision about whether to do so lies with the lawyer except in the most extreme circumstances. This is so because the Rule uses the word "may" and not the word "shall or must." None of the instances in the Rule requiring disclosure are germane here and the lawyer certainly cannot be compelled to reveal any such confidence as the ones sought by the Government.

11.

Interestingly, on or about October 10, 2010, Mr. Cox filed a Motion with the Court requesting that Mr. Lombardo be ordered to return his file. [Doc. 133]. This Motion was denied on May 14, 2014 in this Court's order approving and adopting the Magistrate's Report and Recommendation. [Doc. 172]. As such, the file is not Mr. Lombardo's to relinquish to the Government.

12.

There is no statutory or case authority whatsoever for the wholesale derogation of attorney-client and work-product privileges that the Government seeks here.

13.

The Government cites cases for the proposition that attorney-client privilege is waived insofar as counsel is permitted to testify regarding client communications

that are the subject of the proceeding. *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001) (communications between lawyer and client admissible as to the issue raised in the habeas petition during testimony); *Laughner v. United States*, 373 F.2d 326 (5th Cir. 1967) (counsel permitted to testify regarding communications at issue).  However, nothing in either of those opinions suggests that a Court may compel a trial attorney to abandon his duty of confidentiality in the far-reaching manner sought by the Government here.

14.

The Government also relied on *Waldrip v. Head*, 272 Ga. 572(Ga. 2000). In *Waldrip*, the Georgia Supreme Court noted that prior precedent permitted waiver of the attorney-client privilege during the attorney's testimony in a habeas proceeding. *Waldrip* extended that ruling to documents in trial counsel's files. *Id.* at 578.

15.

In so doing, the Court noted that the waiver of the attorney-client privilege had always been limited to "the extent necessary to allow the attorney to defend his or her own conduct against the charges of misconduct."*Id.*

16.

The *Waldrip* Court specifically "reject[ed] the state's contention that the filing of an ineffectiveness claim is an absolute waiver that entitles it to the

complete file of former trial and appellate counsel" and limited the waiver "only to counsel's documents and files relevant to the specific allegations of ineffectiveness." *Id.* at 579.

17.

The *Waldrip* Court outlined the procedure to be followed:

"petitioner's current counsel determines the documents waived by the privilege. When the state disagrees, the parties should attempt to resolve their dispute; if they are unable to reach an agreement, the state may move for an in-camera inspection of the disputed parts of the files." *Id*.

18.

Here, current counsel, the undersigned, has attempted to obtain Mr. Cox's trial file but was not able to do so prior to the filing of the Government's motion.

19.

American Bar Association Formal Opinion 10-456 (July 10, 2010), attached hereto and incorporated herein as Exhibit A, supports Mr. Cox's assertion that the broad scale disclosure sought by the Government is inappropriate.

20.

The opinion further states that the clause of Rule 1.6 relied on by the Government is not applicable in a habeas proceeding because a habeas claim is not a legal controversy between the client and the lawyer nor a claim the lawyer must defend. The opinion notes that any waiver should be limited to a proceeding before the Court, especially where the information sought to be disclosed could prejudice

7

the client in any retrial, which is applicable in Mr. Cox's case as the result of success on his claim regarding his right to testify would be a retrial.

21.

Citing no authority, the Government seeks to have this Court order Mr. Lombardo to submit himself to an interrogation by the Government, the subject of which places trial counsel at odds with the Rules of Professional Conduct and the essence of client confidentiality.

22.

Mr. Cox asserts that any pre-hearing meeting between Mr. Lombardo and the Government should occur via a deposition taken pursuant to the Federal Rules of Civil Procedure or not at all. Exhibit A supports this assertion.

23.

The insidiousness represented by the Government's efforts to access the entirety of Mr. Cox's file – and thus the most inviolate of privileges – is startling. To permit such an invasion is nothing less than to permit the Government's prosecutorial eyes and ears to intrude upon every conversation between a Citizen-Accused and his defense counsel – whether prior to, during, or after the trial.

WHEREFORE, Mr. Cox prays that the Court will deny the Government's motion. If denied, the undersigned will retrieve Mr. Lombardo's file and, if compelled by the Court to do so, will release information contained therein that is relevant to the issues for which the hearing was granted.

This 28th day of July 2014.

_____/s/ Arturo Corso_____
Arturo Corso
Georgia State Bar No. 188748
Attorney at Law
*The Corso Law Center, LLC*
431 Green Street, N.W.
Gainesville, Georgia  30501
Telephone: (770) 532-9732
Facsimile: (770) 532-9733

### Certificate of Service

This is to certify that I have this day filed a true and correct copy of the foregoing upon the ECF / PACER system to ensure electronic delivery of same to counsel for the Government, Assistant U.S. Attorney Mr. David Chaiken.

This 28th day of July 2014.

_____/s/ Arturo Corso_____
Arturo Corso
Attorney for Defendant